IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                             4:17CR00111-JM

JASON MICHAEL BANKS

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 1033) is DENIED.

**I.   BACKGROUND**

On January 9, 2019, Defendant pled guilty to possession with intent to distribute heroin.[1] On September 26, 2019, he was sentenced to 180 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 711, 712.

[2] Doc. Nos. 804, 805.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant provided the request seeking compassionate release that he sent to the warden. It has been thirty days since the request was submitted, and there has been no response. Accordingly, the issue is properly before this Court.

In support of his motion, Defendant asserts has high blood pressure, high cholesterol, a tumor on his lung, and is obese, which put him at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. He has provided neither argument nor evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 48 years old and has served only a fraction of his sentence, which means he does not meet the age or minimum served time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has eleven prior convictions. The majority of them are drug-related convictions, which is the same behavior as the instant offense. In fact, he was under supervision for a drug-related conviction when he committed the instant offense.

In 2015, law enforcement started investigating a large-scale drug trafficking operation in central Arkansas. Wire taps revealed that Defendant was part of this operation. On February 6 and 23, 2017, a confidential information purchased heroin from Defendant. When a search warrant was executed on February 28, 2017, officers seized 10.74 grams of heroin, $1,842, a drug press, digital scales, cutting agents, pills, and a small amount of methamphetamine. Defendant admitted that he sold heroin for $200 a gram and was purchasing eight grams every three days so he could sell it.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 1033) is DENIED.

IT IS SO ORDERED, this 1st day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE