IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  No. 4:17-CR-00111-04-JM

JASON MICHAEL BANKS

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 1224) is DENIED.

Applying retroactive guideline Amendment 821 does not reduce Defendant's criminal history category or guideline range because he was sentenced as a career offender.[1]  Even if he was not a career offender, his criminal history category would remain IV.[2]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[3]  Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[4]

IT IS SO ORDERED this 18th day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Amendment 821 reduces his criminal history score from 9 to 8.

[3] Doc. No. 712.

[4] *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).